# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA<br><br>Defendant. | Case No. 1:21-cv-01596-NONE-SKO<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND AND THIS ACTION BE DISMISSED<br><br>(Doc. 1)<br><br>THIRTY DAY DEADLINE |

William J. Gradford ("Plaintiff"), a prisoner proceeding pro se and *in forma pauperis*, filed this action against the United States District Court, Eastern District of California, on November 1, 2021. (Doc. 1.)

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     BACKGROUND

The allegations made in Plaintiff's complaint are unclear, but he appears to be suing the district court in relation to decisions rendered in his previous lawsuits.  Plaintiff alleges that "search should be made in the archives . . . and in the [unknown] of media . . . let it be done diligently ex. Gradford v. Freddie, [Case No.] 1:19-cv-02252-DAD-GSA (PC)." (Doc. 1 at 3.)  Plaintiff claims he was retaliated and discriminated against "including after May 7, 2019 settle [sic] agreement [unknown] of all claims with the County of Stanislaus Attorney/lawyer Dan Farrar, Esq. Attorney at Law."  (*Id*.)  Plaintiff requests relief "from judgment [sic] continual discrimination," "SSI disability under 1983 claim," "back pay, EDD/see records," "stocks/bonds/securities."  (*Id*. at 6.)

## III.     DISCUSSION

Plaintiff's complaint is deficient in several respects.  It does not contain a short and plain statement of a claim that would entitle him to relief.  In this regard, his complaint, which is barely legible, consists exclusively of vague, conclusory, and incoherent factual allegations.

Plaintiff's complaint also does not state a cause of action or allege the facts underlying that cause of action.  It is unclear what, if any, causes of action follow from the statements made by Plaintiff in his complaint.  The form complaint used by Plaintiff refers to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for

civil rights violations committed by federal actors. It is unclear what rights, if any, were violated by the district court based on the allegations made by Plaintiff.

Finally, any cause of action that could be construed from Plaintiff's complaint would be barred because the United States is entitled to sovereign immunity from any claim for damages unless immunity has been explicitly waived by Congress. *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1088 (9th Cir.2007). This immunity extends to federal agencies and federal employees acting within their official capacities. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir.1997). The United States has not explicitly waived the immunity of the United States and its agencies with respect to Bivens claims. *See FDIC v. Meyer*, 510 U.S. 471, 483–86 (2004) (*Bivens* action cannot be brought against a federal agency).

To the extent that Plaintiff's complaint can be construed as raising claims against federal judges or the Clerk of Court, those individuals would be absolutely immune from liability for the actions they took in their judicial capacity. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." *Id.* at 1390.

"'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" *Id.* at 1388 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction. *Id*. at 1389. Judicial immunity is not lost by allegations that a judge conspired with a third party. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). A party dissatisfied with a judge's rulings may challenge those rulings "only via appeal, not by suing the judges." *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

In sum, Plaintiff's complaint, which is nearly incomprehensible, fails to state any cognizable causes of action. Even if Plaintiff's complaint could be liberally construed to state causes of action not considered by the undersigned, his claims would be barred by sovereign immunity or judicial

immunity. For these reasons, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION AND RECOMMENDATION

The undersigned has carefully considered whether Plaintiff may amend his pleading to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). *See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the obvious deficiencies of the complaint filed by Plaintiff in this action as noted above, the undersigned finds that it would be futile to grant him leave to amend.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend; and
2. This action be dismissed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. <u>Within thirty (30) days of service of these findings and recommendations</u>, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 20, 2021**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE